## JULIO *a.* INGALLS.

*Supreme Court, First District; At Chambers, March,* 1863.

FORMER ACTION FOR THE SAME CAUSE IN ANOTHER STATE.—
NON-PAYMENT OF COSTS.

The court will not stay plaintiff's proceedings until the costs of a former unsuc-
cessful suit, brought in another State or country, for the same cause of action,
shall have been paid.

Motion for security for costs, and for a stay till the costs of a
former action, for the same cause, were paid.

This action was by William T. Julio against Henry T. Ingalls
and others. The defendants moved upon an affidavit show-
ing non-residence of the plaintiff, and that a former action
had been brought against the defendants by the same plaintiff,
in the Supreme Judicial Court of Massachusetts, in which judg-
ment was rendered in favor of the defendants, and for their
costs, $115.44. The defendants, likewise, submitted an authen-
ticated copy of the record of the action in Massachusetts. At
the hearing of the motion, the plaintiff gave evidence showing
that he was a resident of this State.

*Charles Tracy*, for the motion, cited Julio *a.* Ingalls (1 *Allen*,
41 ; 1 *Burr. Pr.*, 410) ; Jackson *a.* Miller (3 *Cow.*, 57) ; Perkins
*a.* Hinman (19 *Johns.*, 237) ; *Exp.* Stone (3 *Cow.*, 380) ; Jack-
son *a.* Carpenter (*Ib.*, 22) ; Kentish *a.* Tatham (6 *Hill*, 372) ; Ed-
wards *a.* Ninth Av. R. R. Co. (22 *How. Pr.*, 444) ; Dresser *a.*
Brooks (5 *Ib.*, 75).

*Gerrit Z. House*, opposed.

INGRAHAM, J.—The defendant moves for security for costs,
and for an order staying proceedings until the costs of a former
action for the same cause, brought in Massachusetts, are paid.

Upon the first branch of the motion the plaintiff proves his
residence to be in this State, and that is conclusive.

As to the application for the stay of proceedings until the costs in the action in Massachusetts are paid, that must, also, be denied. The defendant has referred to no case sustaining his motion, and I have not been able to find any. If the action had been still pending, he could not have set up the pendency of such action as a defence; and the same rule, by analogy, applied to this case would be an answer to the motion. The enforcement of that rule has been confined to courts within the State; and not always applied even here, where the different courts proceeded by different modes of practice, or were governed by different principles in their decisions.

With much more force it and may be said that it should not be applied to cases where the courts were in different States, and, perhaps, governed by entirely different modes of proceeding.

The rule has never been extended to costs in actions pending in other States or countries, and there are good reasons why it should not be.

Motion denied, with $10 costs.

---

## MORRELL *a.* HEY.

*Supreme Court, First District; At Chambers, November,* 1862.

### COMMISSION IN SUPPLEMENTARY PROCEEDINGS.

There is no authority, either under the Revised Statutes, or section 399 of the Code, as amended in 1860 and 1862, for the issue of a commission in supplementary proceedings.*

---

* In the case of LOCKWOOD *a.* WORSTELL (*Supreme Court, First District; At Chambers,* 1862), it was *Held,* that the wife of a judgment-debtor, against whom supplementary proceedings are had, may be examined under section 294 of the Code, which authorizes the examination of third persons alleged to have property belonging to the judgment-debtor. Also, that such proceedings for the examination of a third person may be instituted after the original examination of the judgment-debtor, under section 292, is ended, and a receiver of his property has been appointed.

These points were determined by Mr. Justice CLERKE.

*John Townshend, Jr.,* for the plaintiff.

*John Davidson,* for the defendant.